**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIS HILL and KAMEO HILL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 13-cv-4847 |
| v. | ) | |
| | ) | Hon. Judge Sara Ellis |
| THE CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS ZACHARY RUBALD | ) | |
| (Star 14540) ROBERT JOHNSON | ) | |
| (Star 17034), and GUY HABIAK, JR. | ) | |
| (Star 9921) | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiffs, DEMETRIS HILL and KAMEO HILL, by and through

their attorneys Mary J. Grieb and the Shiller Preyar Law Offices, complaining of the Defendants

and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiffs'

   rights under the Constitution of the United States. Plaintiffs claim damages in an amount

   in excess of $75,00.01.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§

   1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331, 1332(a) and 1343(a); the

   Constitution of the United States; and pendent jurisdiction as provided under U.S.C. §

   1367(a).

### VENUE

1

3. Venue is proper under 28 U.S.C. Section 1391 (b).  The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Demetris Hill and Kameo Hill are United States citizens who reside in Georgia.

5. Defendant City of Chicago police officers  Zachary Rubald (Star 14540), Robert Johnson (Star 17034) and Guy Habiak, Jr. (Star 9921) (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.

6. On information and belief the individual defendants reside in the City of Chicago and are citizens of Illinois.

7. The individual Defendants engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law.

8. The individual defendants are sued in their individual capacity.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

10. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

**The July 2, 2011 Incident**

11. On July 2, 2011, Plaintiffs were traveling from Minnesota through Georgia as they were moving residences.  Plaintiffs had been residents of Minnesota prior to July 2, 2011.

12. On July 2, 2011, Plaintiffs stopped in Chicago while they were engaged in interstate travel.

13. On July 2, 2011, Plaintiffs were driving in a vehicle owned and driven by Plaintiff Demetris Hill.  Plaintiff Kameo Hill was a passenger.

14. Plaintiff Demetris Hill was obeying all traffic laws at all relevant times.

15. Near approximately 8400 S. Morgan in Chicago, Plaintiffs' vehicle was stopped by Defendant Officers.

16. The Defendant officers did not have cause or justification to stop the vehicle.

17. Defendant Officers did not have reasonable suspicion to believe that Plaintiffs were committing crimes, had committed crimes or were about to commit a crime at any point on July 2, 2011.

18. At the time of the stop, the trunk was locked and inaccessible to the passengers in the vehicle.

19. Defendant Officers ordered Plaintiffs out of the car.

20. Defendant Officers searched the car without Plaintiffs' consent, reasonable suspicion or any legal justification.

21. Defendant Officers found a gun, which was encased in a container in Plaintiffs' trunk and not accessible to Plaintiffs.

22. The gun was properly registered and Plaintiff Demetris Hill was lawfully in possession of said gun.

23. At the time, the law in Illinois was clear and established that encased guns may be transported through Illinois by out of state residents that lawfully own those guns.

24. Defendant Officers arrested Plaintiff Demetris Hill and charged him with aggravated UUW in addition to other crimes.

25. Defendant officers did not have probable cause to charge Demetris Hill with any crime.

26. Defendant Officers interrogated Plaintiff Kameo Hill about her relationship to Plaintiff Demetris Hill and accused her of being a prostitute.

27. At that time, and to this day, Demetris Hill and Kameo Hill are married.

28. Plaintiff Kameo Hill did not feel free to leave at any time after Defendant Officers stopped the vehicle she was riding in.

29. Defendant Officers left Plaintiff Kameo Hill at the side of the road without means to leave the area.

30. Plaintiff Kameo Hill was stranded in an unfamiliar area by Defendant Officers.

31. Defendant Officers had Plaintiff's car towed.

32. Defendant Officers took Demetris Hill to the police station.

33. Over the next few days, Defendant Officers tore apart and damaged Plaintiff's car in an effort to intimidate him.

34. Certain of Plaintiffs' items that were in the truck were stolen from the vehicle.

35. Plaintiff Demetris Hill spent 8 days in Cook County Jail before he was released on bond.

36. Kameo Hill had left the state after Demetris's arrest, but returned eight days later to pick him up from Cook County Jail.

37. Subsequent to his arrest, Defendant Officers attempted to intimidate Plaintiff into pleading guilty and/or not proceeding with an internal complaint against them.

38. Defendant Rubald falsified sworn information on a police report knowing that prosecutors would rely on police reports in continuing and putting together their prosecution of Plaintiff.

39. Defendant Habiak also testified falsely at trial and stood by a false police report sworn by Defendant Rubald.

4

40. On June 6, 2013, Plaintiff Demetris Hill was found not guilty of all charges.

41. As a result of Defendants' unconstitutional actions, Plaintiffs suffered false imprisonment, legal fees, loss of liberty and emotional damages.

42. On June 6, 2013, Defendant Officers caused, directly or indirectly, a warrant to be issued for Plaintiff Demetris Hill's arrest, even though he had been found not guilty of all charges and there was no lawful basis to issue a warrant.

43. Defendant Officers took such actions in order to intimidate Plaintiffs.

44. From July 2, 2011 to at least June 6, 2013, Defendant Officers, in concert with each other, testified falsely, swore out false police reports, failed to inform the prosecutors about the truth of Plaintiff's arrest, and continued criminal proceedings against Plaintiff.

45. Defendant Officers remain employed by the City of Chicago as Chicago police officers, and continue to engage in illegal and unconstitutional conduct.

**Disciplinary History Involving Defendant Officers**

46. Defendant Police Officers have a long and detailed history that includes lawsuits and internal complaints being filed against them. The following information is just based on data that is in the public domain and does not include any confidential information or data that is likely to include even more accusations against these individual officers:

   a. A Chicago resident alleged that on August 29, 2005, Defendant Rubald with another officer falsely arrested him without cause for possession of narcotics.

   b. A Chicago resident alleged that Defendant Rubald planted drugs and a gun on him and falsely arrested him on May 12, 2006.

c.  A Chicago resident alleged that Defendant Rubald searched his vehicle without justification, handcuffed and falsely arrested him for unlawful use of a weapon and planted a gun on him on December 31, 2006.

d.  A Chicago resident alleged that Defendant Rubald planted cocaine on him and falsely arrested him on February 26, 2007.

e.  Two Chicago residents alleged that on January 25, 2008, Defendant Rubald swore out and filed a false police report when he impounded their car for narcotics when there were not narcotics in the vehicle.

f.  A Chicago resident alleged that on October 12, 2004, Defendant Rubald took his cell phone, threw it to the ground and broke it.

g.  On April 4, 2011, Defendant Rubald was found liable for using excessive force on Al Williams after a jury trial in the Northern District of Illinois Case No. 08-cv-6409.

h.  Gene Turner filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him on June 9, 2006. Case No. 06-cv-6939 settled.

i.  Seneca Horton filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him without probable cause and maliciously charged him with public drinking, no FOID card, and unlawful use of a weapon on October 18, 2008. Case No. 09-cv-7043 settled four days before trial.

j.  Gregory Jones filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him, charged him with crimes

he did not commit, and unlawfully searched his vehicle on February 26, 2007. Case No. 07-cv-3355 settled.

k. Jeffing Jackson filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely detained him, obtained a warrant lacking probable cause to search his home, illegally searched his home, and destroyed items in his home. Case No. 05-cv-5437 settled.

l. Antonio McClinton filed a lawsuit in the Northern District of Illinois alleging that on August 29, 2005, Defendant Rubald, among others, falsely arrested him and charged him with drug possession. Case No. 07-cv-1060 settled.

m. A lawsuit was filed in the Northern District of Illinois on behalf of Martinez Winford, alleging that Defendant Rubald shot him without justification on August 22, 2008. Case No. 09-cv-1617 remains pending.

n. Lamont Coleman Jr. filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, shot him and kicked him without justification on July 15, 2007. Case No. 09-cv-4179 resulted in a jury verdict in favor of all Defendants.

o. Gregory Jeffries filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him and failed to intervene, on October 11, 2010. Case No. 11-cv-1762 settled.

p. Brian Webster filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him, falsely seized him, and charged him with possession of a weapon which he was lawfully allowed to carry on September 30, 2011. Case No. 12-cv-7610 remains pending.

q. Gerald Guydon filed a lawsuit in the Northern District of Illinois alleging that in July 2009 Defendant Johnson, among others, stopped him without probable cause, arrested him on false charges, and falsely testified that he possessed drugs. Case No. 09-cv-5497 settled.

r. On information and belief, Defendant Johnson has been sued by citizens of the Northern District of Illinois on other occasions.

s. On May 3, 2009, a Chicago resident alleged that Habiak and Rubald falsely arrested him and searched his car without justification.

t. On March 6, 2009 a Chicago resident alleged that Habiak detained him for no reason and took his property and failed to return it.

u. On April 28, 2007, a Chicago resident alleged that Habiak used excessive force against him, aggravating injuries.

v. On October 18, 2008, a Chicago resident alleged that Rubald and Habiak pointed a gun at him and falsely arrested him.

w. On June 25, 2007, two Chicago residents alleged that Habiak and others pointed a gun at them, used excessive force and falsely arrested one of them.

x. On February 8, 2008, Chicago residents accused Habiak of using racist and homophobic language and falsely searched and arrested them.

y. On January 24, 2008, a Chicago resident accused Habiak of falsely arresting him and planting drugs in his car.

z. On October 19, 2008, a Chicago resident accused Habiak of excessive force.

aa. On December 10, 2008, a Chicago resident accused Habiak and Rubald and others of using excessive force.

8

bb. On August 24, 2010, a Chicago resident accused Habiak and Rubald of falsely arresting him and beating him up.

cc. On October 4, 2010, a Chicago resident accused Habiak of planting drugs on him, stealing his money and hitting him with a flashlight.

47. The City of Chicago was also named as a party in every lawsuit detailed above and provided legal counsel for Defendant Officers' defense.

48. The City of Chicago failed to properly discipline Defendant Rubald and Defendant Habiak as a result of these lawsuits and internal complaints.

49. The City of Chicago's failure to discipline Defendant Rubald and Defendant Habiak resulted in harm to Plaintiffs.

## COUNT I

### 42 U.S.C. § 1983 – Unlawful Seizure (both plaintiffs)

50. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

51. Defendant Officers knowingly seized both Plaintiffs without probable cause or any other justification. Such actions constitute deliberate indifference to Plaintiffs' rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

52. In addition to unlawfully seizing the individual Plaintiffs, the Defendants unlawful searched and then unlawfully seized their property. And in some cases unlawfully destroyed some of their property.

53. The seizure of Plaintiff Demetrius Hill continued until he was brought before a judge on the following day and given a Gerstein hearing.

54. At that Gerstein hearing a finding of probable cause was made by the judge. That finding was predicated entirely on lies told by the individual defendants and proffered by the Assistant States' Attorney relying on Defendants' lies.

55. As a result of the false arrest, Plaintiffs were injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and legal fees.

56. The actions of Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers in an amount in excess of $75,00.01 for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT II

**42 U.S.C. § 1983 Civil Conspiracy to Interfere with the Rights of Plaintiff Demetrius Hill**

55. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

56. Beginning on July 2, 2011, through and including the eventual acquittal of Plaintiff on June 6, 2013, Defendant Officers, among themselves, expressly or impliedly formed an agreement to falsely arrest and illegally seize Plaintiff in violation of his constitutional rights and deprive Plaintiff of his right to a fair trial.

57. In furtherance of this conspiracy, Defendant officers agreed to fabricate and conceal material evidence, testify falsely, destroy or hide exculpatory evidence, harass and intimidate Plaintiff and suppress all of these actions for nearly two years, through and including his trial.

58. Specifically, Defendant Officers took the following acts in furtherance of this conspiracy: fabricated police reports; intentionally failed to investigate potentially exculpatory evidence, such as Plaintiff's address and FOID card; destroyed Plaintiff's vehicle; and relied on, or

made, sworn, false statements to fabricate probable cause to charge Plaintiff with aggravated UUW.

59. Furthermore, Defendants Officers took the acts set forth *supra*, in the preceding paragraphs of this Complaint, in furtherance of their agreement to deprive Plaintiff of his due process right to a fair trial, of his constitutional right to be free from false arrest and illegal seizure.

60. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendant Officers.

61. As a result of this conspiracy to deprive Plaintiff of his constitutional rights, Plaintiff was injured, including loss of liberty, conditions of bond, physical and emotional damages, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount in excess of $75,00.01 for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 18 U.S.C. § 1961 et. seq. – Racketeer Influence and Corrupt Organizations (RICO) as against Demetrius Hill

62. The racketeering enterprises in this cause are the City of Chicago and the Chicago Police Department, in which Defendant Officers and other unknown officials and officers used their official positions to illegally commit a pattern of racketeering activity, including, but not limited to, obstruction of justice, intimidation of witnesses, retaliation against witnesses, influencing, delaying and preventing testimony, hindering, delaying and preventing the communication of federal offenses to law enforcement agencies and judicial officials, and the destruction of property as detailed more fully throughout the complaint.

63. As detailed above, the individual defendants and other as of yet unknown officials and officers conducted and participated in the conduct of the City of Chicago and the Chicago Police Department through a pattern of racketeering activity and conspired amongst themselves and others to do the same.

64. The individual defendants are employed by and associated with the aforementioned enterprises, the City of Chicago and the Chicago Police department.

65. The individual defendants, while acting individually, jointly, and in conspiracy with one another, as well as under the color and within the scope of their employment directly or indirectly, conducted and participated in the affairs of the City of Chicago and the Chicago Police Department through a pattern of racketeering activity.

66. Specifically, these Defendants have associated with an enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. Each individual Defendant played some part in directing those affairs.

67. The racketeering activity referred to in the preceding paragraphs satisfies the conduct requirement in that it includes the provision of false documents and the false testimony of others to the various State's Attorneys' Offices, who then used this information to prosecute Plaintiff. In so doing, Defendants directed the criminal investigation against Plaintiff in their official positions with the Chicago Police Department.

68. The Chicago Police Department is an enterprise, as defined under 18 U.S.C. § 1961, which is engaged in and affects interstate commerce. The racketeering activity referred to in the preceding paragraphs includes, at a minimum, at least two predicate acts with the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

69. The predicate acts referred to in the preceding paragraphs include, among others, the Defendants' actions in framing Plaintiff, attempting to coerce him to testify falsely or plead guilty, withdraw his internal complaint,  This includes but is not limited to using their official positions to obstruct state and local criminal investigations, commit perjury, tamper with witnesses (including the inducement of witnesses to give false statements and commit perjury), and otherwise cover up their misconduct in working to obstruct justice and procure convictions of Plaintiff for crimes he did not commit.

70. As a direct and proximate cause of the racketeering violations described above, the plaintiffs were injured in their property, including, but not limited to: attorney's fees, bond payment, loss of interest and fees and bond money, destruction of tangible property, false imprisonment, and emotional distress.

71. The Defendant Officers engaged in a continuous pattern of behavior, over the course of several years, described above in that the Defendant Officers engaged in a series of related attempts to frame the Plaintiff over a substantial period of time and because the Defendant Officers' misconduct projects into the future with the threat of repetition.

72. The Defendant Officers have engaged in a pattern of racketeering activity which continues to this day. The acts comprising this activity are related to one another and pose a threat of continued criminal activity as demonstrated in part by the repeated nature of the attempts to incriminate the plaintiffs falsely.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers in an amount in excess of $75,00.01for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT IV

### Due Process Violation (*Brady*) (Demetrius Hill)

73. Defendant Officers acted in a manner in which to frame and thereby deprive the plaintiff of his Constitutional rights, as described in more detail above.

74. Defendant Officers, acting individually, jointly and in conspiracy, as well as under the color of the law and within the scope of their employment, deprived the Plaintiff of his Constitutional right to a fair trial.

75. Defendant Officers testified falsely at trial, stood by false police reports that they knew prosecutors would rely upon, continued to harass and intimidate Plaintiff, tore apart Plaintiff's vehicle, and continued to pursue false criminal charges against Plaintiff.

76. Plaintiff was prejudiced by the above described actions of the Defendant Officers because disclosure of suppressed, exculpatory evidence would have affected the prosecution's decision to take the charges against him to trial.

77. In the manner described above, the defendants deliberately withheld evidence which was relevant to the Plaintiff's innocence, thereby misleading and misdirecting the criminal prosecution of the plaintiff. The Defendant Officers also falsified statements and their testimony at trial, as discussed above. But for the totality of this misconduct, the prosecution of the plaintiff could not and would not have been pursued.

78. Defendant Officers engaged in a course of conduct, including damaging Plaintiff's property, causing, directly or indirectly, threats to be made to Plaintiffs, failing to inform the State's Attorneys' Office of their misconduct, failing to inform the State's Attorneys' Office of the exculpatory evidence related to Plaintiff, and continuing to engage in a pattern of intimidation and withholding evidence up to and including Plaintiff's acquittal.

79. The Defendant Officers' misconduct resulted directly in the false arrest, denying him his Constitutional right to be free of unlawful search and seizure, right to redress by the courts, to be free from false arrest and the right to a fair trial.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers in an amount in excess of $75,00.01 for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT V

### 42 U.S.C. § 1983 - Equal Protection – Class of One (Demetrius Hill)

80. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

81. Defendant Officers falsely arrested Plaintiff, intimidated him, knew that prosecutors would rely on their false reports, knew that Plaintiff was incarcerated in Cook county Jail for eight days, knew that Plaintiff faced felony criminal charges and knew that charges against Plaintiff Demetris Hill were baseless.

82. Defendant Officers continued their pattern of misconduct, including attempting to intimidate Plaintiff into pleading guilty and not filing an internal complaint, from July 2, 2011 until past June 6, 2013.

83. Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

84. There was no rational basis for the difference in treatment.

85. Defendant Officers were motivated by illegitimate animus against the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount in excess of $75,00.01 for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### 42 U.S.C. § 1983 – Municipality Liability (*Monell* claim)

86.  Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

87.  Defendant Officers have a long-standing history of lawsuit and internal complaints that have been lodged against both of them.

88.  Despite the lawsuits and complaints filed against Defendant Officers, Defendant City of Chicago failed to supervise them, discipline them or in any way attempt to stop their unconstitutional misconduct.

89.  Defendant Officers' disregard for Constitutional rights has been condoned and/or tacitly encouraged through a widespread practice that constitutes a "custom or usage" with the force of law and disseminated by the City of Chicago, the Chicago Police Department and their various police departments, agencies and subsidiaries, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the improper seizure, prosecution, issuance of improper warrants without legal basis,  and improper administrations of due process in violation of the United States Constitution.

90.  The City of Chicago is liable for failing to supervise and train its police officers, and for overlooking and/or covering up officer misconduct.

91.  The City of Chicago has failed to discharge officers who have shown a pattern of behavior inconsistent the duties and responsibilities of a peace officer.

92.  The City's failure to supervise and train its police officers, and the City's willful blindness towards constitutional violations of its employees, constitutes conscious indifference to people's Constitutional rights

16

93.     Among the de facto policies of the municipality and its agents were:

94.     As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue hereby failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

95.     As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

96.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

97.     Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

98.     Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

17

99. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

100. As a result of the City's practice of overlooking Defendant Officer's history of lawsuits and complaints, Plaintiffs have been deprived their constitutional rights, Plaintiffs were injured, including loss of liberty, conditions of bond, physical and emotional damages, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant City in an amount in excess of $75,00.01 for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim – Malicious Prosecution (as to Plaintiff Demetris Hill)

101. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

102. Defendant Officers and Defendant City of Chicago maliciously caused criminal charges to be commenced and continued against Plaintiff by creating false and incomplete police reports and swearing to false criminal charges.

103. There was no probable cause for the institution of the criminal charge of aggravated unlawful use of a weapon.

104. Defendant Officers' conduct was willful and wanton.

105. This state claim is being pursued against Defendant City of Chicago under both the theory of *respondeat superior* and negligent training.

106.     Plaintiff's damages included: a) loss of liberty for 8 days; b) the emotional suffering he suffered while in jail for 8 days; b) costs and expenses of coming back to Illinois for nearly two years to attend court; c) legal fees; d) the emotional suffering and oppression of having a felony charge and ongoing court case hanging over his head; e) lost wages from both the time in jail and the time spent attending court; f) The damage done to his vehicle and possessions that was done in furtherance of the malicious prosecution; and g) other damages not enumerated here, all of which combined equate to greater than $75,000 in damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $75,000.01 for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VIII

### State Claim – Conspiracy to Commit Malicious Prosecution (as to Demetris Hill)

107. Plaintiffs re-allege and incorporate all of the allegations of the preceding paragraphs.

108. On or about July 3, 2011 through the Present, Defendants, CHICAGO POLICE OFFICERS Zachary Rubald, Robert Johnson, Guy Habiak, Jr. and other unknown police officers, supervisory officers, and policy makers for the Defendant CITY OF CHICAGO, agreed and combined to engage in a conspiracy to maliciously prosecute Plaintiff Demetris Hill.

109. The Defendants, and each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

110.     The Defendants, and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this complaint.

111.    The Defendants, and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts.

112.    The Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the Complaint.

113.    The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this Complaint.

114.    The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

115.    The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $75,00.01 for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IX

### State Claim – Intentional Infliction of Emotional Distress (Both Plaintiffs)

116.    Plaintiffs re-allege and incorporates all of the allegations in the preceding paragraphs.

117.    The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

118.    Said conduct included falsely arresting Plaintiffs, tearing apart Plaintiffs' vehicle, failing to investigate the circumstances surrounding Plaintiff's arrest and criminal charges, falsely imprisoning plaintiff against his will, causing Plaintiff Demetris Hill distress of having to defend against criminal charges, causing Plaintiff Kameo Hill distress of being

20

stranded in an unfamiliar area late at night with no way to leave, and continuing to intimidate Plaintiffs up to and beyond June 6, 2013.

119.    Defendant Officers intended to cause, or were in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiffs.

120.    Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiffs and thereby constituted intentional infliction of emotional distress.

121.    Plaintiffs' emotional distress is ongoing.

122.    Defendant Officers conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

123.    As a proximate result of Defendant Officers' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officer in an amount in excess of $75,00.01 for compensatory damages, costs, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT X

### Indemnity Claim – 745 ILCS 10/9-102 (All counts, costs and attorneys fees)

124.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

125.    Defendant City of Chicago is the employer of Defendant Officer.

126.    Defendant Officer committed the act alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

127.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

128.    As a proximate cause of Defendant Officer's unlawful acts, which occurred within the

scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officer be found liable on one or more of the claims set

forth above, Plaintiff demands in an amount in excess of $75,00.01, pursuant to 745 ILCS 10/9-

102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff

obtains against said Defendant, as well as attorney's fees and costs awarded, medical expenses,

and such other and additional relief that this Court deems equitable and just.

## COUNT XI

### *Respondeat Superior* **Liability Against City**
### **for State Law Claims Against Individual Officer**

129.    Plaintiff re-alleges and incorporates all previous paragraphs.

130.    Defendant City of Chicago is the employer of Defendant Officer Watkins.

131.    Defendant City is liable for its employees' actions committed while in the scope of

employment as duly appointed police officers under the doctrine of *respondeat superior*.

132.    The acts of Defendant Officer described in the state law claims specified above was

willful and wanton and committed in the scope of his employment as employee of the

Defendant City of Chicago.

133.    As a proximate cause of Defendant Officer's unlawful acts, which occurred within the

scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment in an amount in excess of $75,00.01 against the

Defendant Officer for compensatory damages, medical expenses, and such other and additional

relief as this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

22

DEMETRIS HILL AND KAMEO HILL

By:

s/Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak Rd.
Suite B401
Chicago, IL 60608
(312)226-4590