UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIS HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 4847 |
| | ) | |
| THE CITY OF CHICAGO, and | ) | Judge Sara L. Ellis |
| CHICAGO POLICE OFFICERS ZACHARY | ) | |
| RUBALD, ROBERT JOHNSON, AND | ) | |
| GUY HABIAK, JR. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Demetris Hill and his wife Kameo Hill were stopped by Chicago Police Officers Zachary Rubald, Robert Johnson, and Guy Habiak, Jr. (collectively, the "Defendant Officers") while driving through Chicago, Illinois on July 2, 2011. Mr. Hill was arrested and charged with aggravated unlawful use of a weapon, but he was ultimately acquitted. On July 3, 2013, Mr. and Mrs. Hill brought this case against the Defendant Officers and the City of Chicago (the "City") alleging various constitutional violations and state law claims. Defendants previously moved to dismiss the Second Amended Complaint, citing primarily the statute of limitations. On May 14, 2014, the Court granted the motion to dismiss in part and denied it in part (the "May 14 Opinion"). *See* Doc. 39.

Mr. Hill then filed a Third Amended Complaint [42], omitting all claims by Mrs. Hill as well as the RICO and unlawful seizure counts that the Court dismissed in the May 14 Opinion. The Third Amended Complaint alleges a civil conspiracy to interfere with Mr. Hill's due process and equal protection rights (Count I), a violation of due process (Count II), an equal protection class of one claim (Count III), a *Monell* claim against the City (Count IV), malicious prosecution

(Count V), conspiracy to commit malicious prosecution (Count VI), intentional infliction of emotional distress ("IIED") (Count VII), indemnity (Count VIII), and *respondeat superior* (Count IX). Defendants now move to dismiss the Third Amended Complaint in its entirety [46]. This motion is granted in part and denied in part. Because Hill was aware of the Defendant Officers' alleged misconduct, his *Brady* claim is dismissed. Without a *Brady* claim to support it, and because Hill does not sufficiently allege that the City failed to adequately train its officers, his *Monell* claim is also dismissed. The remaining claims survive to the extent that they are timely, as discussed in the May 14 Opinion.

## BACKGROUND[1]

Mr. and Mrs. Hill were driving from Minnesota to Georgia when they passed through Chicago, Illinois on July 2, 2011. As the Hills were driving near 8400 S. Morgan Street, the Defendant Officers stopped their car and ordered them to exit. The Defendant Officers searched the Hills' car without first obtaining their consent. In their search, the Defendant Officers found a gun in a container in the trunk of the car. The gun was properly registered to Mr. Hill and was not accessible to the Hills as they were driving. The Defendant Officers nonetheless arrested Mr. Hill and charged him with aggravated unlawful use of a weapon. The Hills' car was towed and Mrs. Hill was left alone by the side of the road where the car was stopped.

That same day, Mr. Hill appeared before a judge, who found probable cause to detain Mr. Hill. Mr. Hill spent eight days in Cook County Jail before being released on bond. Mrs. Hill returned to Illinois to pick up Mr. Hill upon his release.

---

[1] The facts in the background section are taken from the Third Amended Complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

Soon after Mr. Hill's arrest, the Defendant Officers attempted to intimidate him into pleading guilty and not proceeding with an internal complaint against them. The Defendant Officers trashed the Hills' car and stole items from it while it was in police custody. The Defendant Officers also swore out false police reports and did not inform prosecutors of the true circumstances of Mr. Hill's arrest. Mr. Hill proceeded to trial, where the Defendant Officers testified falsely. On June 6, 2013, Mr. Hill was found not guilty on all charges. Despite his acquittal, the Defendant Officers caused a warrant to be issued for Mr. Hill's arrest on June 6, 2013. Mr. Hill filed this case on July 3, 2013, two years and one day after he was arrested.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

ANALYSIS

I.  Statute of Limitations

As the Court set out in its May 14 Opinion, any claims premised on Mr. Hill's arrest or imprisonment are time barred. *See* Doc. 39 at 5 (citing *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (noting that a false arrest claim accrues when the arrestee "is bound over by a magistrate or arraigned on charges")). But the Court found that Mr. Hill's conspiracy, equal protection, and *Monell* claims are timely to the extent that they are based on alleged due process violations that did not accrue until his acquittal on June 6, 2013. Doc. 39 at 6 (citing *Hill v. City of Chicago*, No. 06 C 6772, 2007 WL 1424211, at *4 (N.D. Ill. May 10, 2007)). While the Third Amended Complaint states that the Defendant Officers engaged in a conspiracy "beginning on July 2, 2011," more than two years before the date of filing, the Third Amended Complaint also alleges facts that occurred within two years of filing, such as swearing out false reports, attempting to intimidate Mr. Hill, and causing a warrant to be issued on the day of his acquittal. Similarly, as noted in the May 14 Opinion, Mr. Hill's IIED claim may proceed only to the extent that any acts of intimidation occurred within one year of his filing this case on July 2, 2013, and so long as those acts were done with "a freshly formed intention to cause emotional distress." Doc. 39 at 7 (quoting *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013)). Therefore, as the Court ruled in the May 14 Opinion, Mr. Hill may proceed with allegations that are not time barred, so long as those claims are sufficiently stated.

II.  Sufficiency of Claims

   A.  Due Process Claim (Count II)

The Third Amended Complaint realleges that the Defendant Officers' conduct constitutes a *Brady* violation. The Court dismissed this count without prejudice in the May 14 Opinion on

4

the basis that a *Brady* claim cannot rest entirely on facts known to the plaintiff during his criminal trial. *See* Doc. 39 at 11–14; *see also Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003), *overruled on other grounds by Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006). In *Gauger*, the plaintiff brought a *Brady* claim premised on his false arrest and the officer's false account of the plaintiff's interrogation. *Gauger*, 349 F.3d at 360. The Seventh Circuit rejected the invocation of *Brady* because, although the police officers may have lied on the witness stand, there was nothing that the state failed to disclose to the plaintiff: "[w]e find the proposed extension of *Brady* difficult even to understand. It implies that the state has a duty not merely to disclose but also to create truthful exculpatory evidence. Indeed the duty to disclose falls out, because Gauger knew what he had said at the interrogation." *Id*.

Instead, Hill urges the Court to follow *Patterson v. Burge*, where the district court distinguished *Gauger* and denied the defendants' motion to dismiss the due process claim. 328 F. Supp. 2d 878, 889 (N.D. Ill. 2004) ("[I]n addition to charging defendants with hiding the fact that his confession was coerced and fabricated—an allegation which by itself might not state a *Brady* claim after *Gauger*—Patterson accuses defendants of obstructing justice and violating his right to a fair trial through actions they took outside the interrogation room."). However, *Patterson* is distinguishable from this case because the district court's decision in *Patterson* hinged on the state's failure to disclose the defendant's malfeasance in previous cases. *Id.* at 889–90 ("[E]vidence that the defendants who interrogated, charged, and prosecuted Patterson committed numerous other acts of torture and malfeasance, including suppressing evidence other than Patterson's own abuse and coerced confession, is exculpatory and therefore favorable to Patterson."). Therefore, in *Patterson* the state was aware of exculpatory evidence—the officer's acts of torture in prior cases—about which the plaintiff did not know. Here, as in *Gauger*, at the

5

time of his trial Plaintiff was aware of each alleged act of malfeasance, including the illegal arrest, the attempted destruction of evidence, and the false police reports. Therefore, it cannot be said that the state failed to make Hill aware of the Defendant Officers' improper conduct in making the arrest, swearing out the police report, or testifying at trial because Hill was already intimately aware of this conduct.

Hill attempts to avoid *Gauger* by alleging that the Defendant Officers conspired to deprive him of his rights and that he was not aware of the existence of the conspiracy during his trial. Hill concludes, therefore, that "withholding the fact that the conspiracy existed was itself a *Brady* violation as the existence of the conspiracy is undoubtedly exculpatory." Doc. 58 at 13. Because the Court must accept all factual allegations as true when ruling on a motion to dismiss, Hill asserts that the Court has no choice but to agree at this stage that a conspiracy existed, that Hill was not aware of it, and that therefore, Count II must survive.

However, while the Court must accept factual allegations as true, it need not accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 664. Hill's "allegation of conspiracy is a legal conclusion and is not entitled to the assumption of truth." *Grooms v. Tencza*, No. 09 C 3631, 2010 WL 1489983, at *3 (N.D. Ill. Apr. 13, 2010). Thus, because Hill has not identified any exculpatory *facts* that he was not aware of during his trial, the Court dismisses his due process claim. *Gauger*, 349 F.3d at 360.

### B. *Monell* Claim (Count IV)

In the Third Amended Complaint, Hill attempts to revive the *Monell* claim that the Court dismissed in the May 14 Opinion. The Court dismissed certain *Monell* allegations with prejudice as time barred and dismissed the remaining allegations without prejudice for failing to state a claim. Hill attempts to resuscitate the *Monell* allegations that were dismissed without prejudice.

6

However, as in the May 14 Opinion, the "failure of Mr. Hill's due process claim dooms the *Monell* claim." Doc. 39 at 15 (citing *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 505 (7th Cir. 2010) (holding that where officers' conduct did not violate the Constitution, the city could not be held liable under *Monell*)). Therefore, the Court again dismisses Hill's *Monell* claim.

Moreover, the May 14 Opinion went on to state that "even if Mr. Hill had a viable due process claim, his *Monell* claims are too vague and conclusory, particularly with respect to the allegations of failure to train and supervise." Doc. 39 at 16; *see also Connick v. Thompson*, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). In an attempt to cure this deficiency, Hill added four paragraphs to the Third Amended Complaint, alleging that the City has "sustained" only one percent of allegations made against its police officers, and that over a quarter of the total amount the City paid in misconduct lawsuits from 2009 through 2011 and almost one third of the cases that resulted in a payout included officers who had been named in at least one other suit. *See* Doc. 42 ¶¶ 87–90. However, these additional allegations in the Third Amended Complaint fail to address the Court's finding that Hill did not sufficiently allege that the City failed to train or supervise its police officers. *See Connick*, 131 S. Ct. at 1359 ("[A] municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." (second alteration in original) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989))). Therefore, the Third Amended Complaint again fails to state a valid *Monell* claim.

    **C.**    **Remaining Claims**

As for the remaining claims—civil conspiracy to violate Hill's Constitutional rights (Count I), equal protection class of one (Count III), malicious prosecution (Count V), conspiracy

7

to commit malicious prosecution (Count VI), IIED (Count VII), indemnity (Count VIII), and *respondeat superior* (Count IX)—Hill may proceed on these claims to the extent that they are not barred by the relevant statutes of limitations, as set out in the May 14 Opinion. The City again moves to dismiss each of these claims, despite the Court's ruling that Hill could move forward on non-time barred allegations. But nothing in the City's motion or in Hill's additional allegations in the Third Amended Complaint warrants dismissal of these claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [46] is granted in part and denied in part. Hill's *Brady* and *Monell* claims are dismissed. Because Hill has had twice failed to state a *Brady* or *Monell* claim, those claims are dismissed with prejudice. The Court denies Defendants' motion to dismiss with regard to Hill's other claims.

Dated: September 30, 2014

_____
SARA L. ELLIS
United States District Judge