IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIS HILL ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-4847 |
| v. ) | |
| ) | Hon. Judge Jorge L. Alonso |
| THE CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICERS ZACHARY RUBALD ) | |
| (Star 14540) ROBERT JOHNSON ) | |
| (Star 17034), and GUY HABIAK, JR. ) | |
| (Star 9921) ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

## FOURTH AMENDED COMPLAINT

NOW COMES Plaintiff, DEMETRIS HILL, by and through his attorneys Mary J. Grieb and the Shiller Preyar Law Offices, complaining of Defendants and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States. Plaintiff claims damages in an amount in excess of $75,000.01.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331, 1332(a) and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

1

## **THE PARTIES**

4. Demetris Hill is a United States citizen who resides in Georgia.

5. Defendant City of Chicago police officers Zachary Rubald (Star 14540), Robert Johnson (Star 17034) and Guy Habiak, Jr. (Star 9921) (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.

6. On information and belief the individual defendants reside in the City of Chicago and are citizens of Illinois.

7. The individual Defendants engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law.

8. The individual defendants are sued in their individual capacity.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

10. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## **BACKGROUND**

### **The July 2, 2011 Incident**

11. On July 2, 2011, Plaintiff was traveling from Minnesota through Georgia as Plaintiff and his wife, Kameo Hill, were moving residences. They had been residents of Minnesota prior to July 2, 2011.

12. On July 2, 2011, Plaintiff stopped in Chicago while they were engaged in interstate travel.

13. On July 2, 2011, Plaintiff was driving in a vehicle owned and driven by Plaintiff Demetris Hill. Kameo Hill was a passenger.

14. Plaintiff Demetris Hill was obeying all traffic laws at all relevant times.

15. Near approximately 8400 S. Morgan in Chicago, Plaintiff's vehicle was stopped by Defendant Officers.

16. The Defendant officers did not have cause or justification to stop the vehicle.

17. Defendant Officers did not have reasonable suspicion to believe that Plaintiff was committing crimes, had committed crimes or was about to commit a crime at any point on July 2, 2011.

18. At the time of the stop, the trunk was locked and inaccessible to the passengers in the vehicle.

19. Defendant Officers ordered Plaintiff and his wife out of the car.

20. Defendant Officers searched the car without Plaintiff's consent, reasonable suspicion or any legal justification.

21. Defendant Officers found a gun, which was encased in a container in Plaintiff's trunk and not accessible to Plaintiff.

22. The gun was properly registered and Plaintiff Demetris Hill was lawfully in possession of said gun.

23. At the time, the law in Illinois was clear and established that encased guns may be transported through Illinois by out of state residents that lawfully own those guns.

24. Defendant Officers arrested Plaintiff Demetris Hill and charged him with aggravated UUW in addition to other crimes.

25. Defendant officers did not have probable cause to charge Demetris Hill with any crime.

26. Plaintiff had a Minnesota State Permit to Acquire Handguns From Federal Firearms Dealers at the time of his arrest.

27. Plaintiff had a Minnesota driver's license at the time of his arrest.

28. Defendant Officers interrogated Kameo Hill about her relationship to Plaintiff Demetris Hill and accused her of being a prostitute.

29. At that time, and to this day, Demetris Hill and Kameo Hill are married.

30. Kameo Hill did not feel free to leave at any time after Defendant Officers stopped the vehicle she was riding in.

31. Defendant Officers left Kameo at the side of the road without means to leave the area.

32. Defendant Officers had Plaintiff's car towed.

33. Defendant Officers took Demetris Hill to the police station.

34. Over the next few days, Defendant Officers tore apart and damaged Plaintiff's car in an effort to intimidate him.

35. Certain of Plaintiff's items that were in the truck were stolen from the vehicle.

36. Plaintiff Demetris Hill spent 7 days in Cook County Jail before he was released on bond on July 8, 2011.

37. On July 2, 2011, Plaintiff appeared for a Gerstein hearing before a judge.

38. The evidence Cook County Judge Maria Kuriakos Ciesil had before her at Hill's July 2, 2011 bond hearing was a) an outstanding 2007 arrest warrant from Riverdale for alleged violation of an order of protection for $10,000 and b) the fabricated evidence contained in Defendant Officers' complaint for preliminary examination for aggravated UUW and police reports concerning Hill's arrest.

39. Hill was brought to court in Markham on July 6, 2011 and the 2007 warrant was quashed.

40. Hill's father was finally able to post bond on July 8, 2011 and Hill was released from Cook County Jail on the late evening of July 8 or early morning of July 9, 2011.

41. Subsequent to his arrest, Defendant Officers attempted to intimidate Plaintiff into pleading guilty and/or not proceeding with an internal complaint against them.

42. Defendant Rubald falsified sworn information on a police report knowing that prosecutors would rely on police reports in continuing and putting together their prosecution of Plaintiff.

43. Defendant Habiak also testified falsely at trial and stood by a false police report sworn by Defendant Rubald.

44. On June 6, 2013, Plaintiff Demetris Hill was found not guilty of all charges.

45. As a result of Defendants' unconstitutional actions, Plaintiff suffered false imprisonment, legal fees, loss of liberty and emotional damages.

46. From July 2, 2011 to at least June 6, 2013, Defendant Officers, in concert with each other, testified falsely, swore out false police reports, failed to inform the prosecutors about the truth of Plaintiff's arrest, and continued criminal proceedings against Plaintiff.

47. From July 2, 2011 to at least June 6, 2013, Defendant Officers, in concert with each other, were engaged in a conspiracy to deprive Plaintiff of his right to be free from unlawful pretrial detention, his due process right to a fair trial and deprive him of his right to equal protection under the law.

48. Defendant Officers remain employed by the City of Chicago as Chicago police officers, and continue to engage in illegal and unconstitutional conduct.

**Disciplinary History Involving Defendant Officers**

49. Defendant Police Officers have a long and detailed history that includes lawsuits and internal complaints being filed against them. The following information is just based on

data that is in the public domain and does not include any confidential information or data that is likely to include even more accusations against these individual officers:

a. A Chicago resident alleged that on August 29, 2005, Defendant Rubald with another officer falsely arrested him without cause for possession of narcotics.

b. A Chicago resident alleged that Defendant Rubald planted drugs and a gun on him and falsely arrested him on May 12, 2006.

c. A Chicago resident alleged that Defendant Rubald searched his vehicle without justification, handcuffed and falsely arrested him for unlawful use of a weapon and planted a gun on him on December 31, 2006.

d. A Chicago resident alleged that Defendant Rubald planted cocaine on him and falsely arrested him on February 26, 2007.

e. Two Chicago residents alleged that on January 25, 2008, Defendant Rubald swore out and filed a false police report when he impounded their car for narcotics when there were not narcotics in the vehicle.

f. A Chicago resident alleged that on October 12, 2004, Defendant Rubald took his cell phone, threw it to the ground and broke it.

g. On April 4, 2011, Defendant Rubald was found liable for using excessive force on Al Williams after a jury trial in the Northern District of Illinois Case No. 08-cv-6409.

h. Gene Turner filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him on June 9, 2006. Case No. 06-cv-6939 settled.

i. Seneca Horton filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him without probable cause and maliciously charged him with public drinking, no FOID card, and unlawful use of a weapon on October 18, 2008. Case No. 09-cv-7043 settled four days before trial.

j. Gregory Jones filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him, charged him with crimes he did not commit, and unlawfully searched his vehicle on February 26, 2007. Case No. 07-cv-3355 settled.

k. Jeffing Jackson filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely detained him, obtained a warrant lacking probable cause to search his home, illegally searched his home, and destroyed items in his home. Case No. 05-cv-5437 settled.

l. Antonio McClinton filed a lawsuit in the Northern District of Illinois alleging that on August 29, 2005, Defendant Rubald, among others, falsely arrested him and charged him with drug possession. Case No. 07-cv-1060 settled.

m. A lawsuit was filed in the Northern District of Illinois on behalf of Martinez Winford, alleging that Defendant Rubald shot him without justification on August 22, 2008. Case No. 09-cv-1617 remains pending.

n. Lamont Coleman Jr. filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, shot him and kicked him without justification on July 15, 2007. Case No. 09-cv-4179 resulted in a jury verdict in favor of all Defendants.

o. Gregory Jeffries filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him and failed to intervene, on October 11, 2010. Case No. 11-cv-1762 settled.

p. Brian Webster filed a lawsuit in the Northern District of Illinois alleging that Defendant Rubald, among others, falsely arrested him, falsely seized him, and charged him with possession of a weapon which he was lawfully allowed to carry on September 30, 2011. Case No. 12-cv-7610 remains pending.

q. Gerald Guydon filed a lawsuit in the Northern District of Illinois alleging that in July 2009 Defendant Johnson, among others, stopped him without probable cause, arrested him on false charges, and falsely testified that he possessed drugs. Case No. 09-cv-5497 settled.

r. On information and belief, Defendant Johnson has been sued by citizens of the Northern District of Illinois on other occasions.

s. On May 3, 2009, a Chicago resident alleged that Habiak and Rubald falsely arrested him and searched his car without justification.

t. On March 6, 2009 a Chicago resident alleged that Habiak detained him for no reason and took his property and failed to return it.

u. On April 28, 2007, a Chicago resident alleged that Habiak used excessive force against him, aggravating injuries.

v. On October 18, 2008, a Chicago resident alleged that Rubald and Habiak pointed a gun at him and falsely arrested him.

w. On June 25, 2007, two Chicago residents alleged that Habiak and others pointed a gun at them, used excessive force and falsely arrested one of them.

    x. On February 8, 2008, Chicago residents accused Habiak of using racist and homophobic language and falsely searched and arrested them.

    y. On January 24, 2008, a Chicago resident accused Habiak of falsely arresting him and planting drugs in his car.

    z. On October 19, 2008, a Chicago resident accused Habiak of excessive force.

    aa. On December 10, 2008, a Chicago resident accused Habiak and Rubald and others of using excessive force.

    bb. On August 24, 2010, a Chicago resident accused Habiak and Rubald of falsely arresting him and beating him up.

    cc. On October 4, 2010, a Chicago resident accused Habiak of planting drugs on him, stealing his money and hitting him with a flashlight.

50. The City of Chicago was also named as a party in every lawsuit detailed above and provided legal counsel for Defendant Officers' defense.

51. The City of Chicago failed to properly discipline Defendant Rubald and Defendant Habiak as a result of these lawsuits and internal complaints.

52. The City of Chicago's failure to discipline Defendant Rubald and Defendant Habiak resulted in harm to Plaintiff.

## COUNT I[1]

### 42 U.S.C. § 1983 - Illegal Pretrial Detention

53. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

---

[1] For the sake of simplicity and clarity, Plaintiff is only setting forth claims in this complaint for unlawful pretrial detention pursuant to *Manuel v. City of Joliet*, malicious prosecution pursuant to Illinois law, conspiracy pursuant to Illinois law, respondeat superior and indemnification. Plaintiff is not waiving any appeal of any ruling dismissing Plaintiff's other claims by not including said claims in this Fourth Amended Complaint.

9

54. Plaintiff was detained in Cook County Jail between July 6, 2011 and July 9, 2011 without probable cause that he had committed any crime.

55. Plaintiff's detention from July 6 to July 9, 2011, was due to Defendant Officers' fabricated evidence in police reports and criminal complaints.

56. As a result of this misconduct, Plaintiff was injured, including loss of liberty, conditions of bond, physical and emotional damages, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT II

### State Claim – Malicious Prosecution (as to Plaintiff Demetris Hill)

57. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

58. Defendant Officers and Defendant City of Chicago maliciously caused criminal charges to be commenced and continued against Plaintiff by creating false and incomplete police reports and swearing to false criminal charges.

59. There was no probable cause for the institution of the criminal charge of aggravated unlawful use of a weapon.

60. Defendant Officers' conduct was willful and wanton.

61. This state claim is being pursued against Defendant City of Chicago under both the theory of *respondeat superior* and negligent training.

62. Plaintiff's damages included: a) loss of liberty for 6 days; b) the emotional suffering he suffered while in jail for 6 days; b) costs and expenses of coming back to Illinois for nearly

two years to attend court; c) legal fees; d) the emotional suffering and oppression of having a felony charge and ongoing court case hanging over his head; e) lost wages from both the time in jail and the time spent attending court; f) The damage done to his vehicle and possessions that was done in furtherance of the malicious prosecution; and g) other damages not enumerated here, all of which combined equate to greater than $75,000 in damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $75,000.01 for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III

**State Claim – Conspiracy to Commit Malicious Prosecution (as to Demetris Hill)**

63. Plaintiffs re-allege and incorporate all of the allegations of the preceding paragraphs.

64. On or about July 2, 2011 through the Present, Defendants, CHICAGO POLICE OFFICERS Zachary Rubald and Guy Habiak, Jr. agreed and combined to engage in a conspiracy to maliciously prosecute Plaintiff Demetris Hill.

65. The Defendants, and each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

66. The Defendants, and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this complaint.

67. The Defendants, and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts.

68. The Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the Complaint.

69. The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this Complaint.

70. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

71. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

   WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $75,000.01 for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

### Indemnity Claim – 745 ILCS 10/9-102 (All counts, costs and attorneys fees)

72. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

73. Defendant City of Chicago is the employer of Defendant Officer.

74. Defendant Officer committed the act alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

75. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

76. As a proximate cause of Defendant Officer's unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands in an amount in excess of $75,000.01, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### *Respondeat Superior* Liability Against City for State Law Claims Against Individual Officer

77. Plaintiff re-alleges and incorporates all previous paragraphs.

78. Defendant City of Chicago is the employer of Defendant Officers.

79. Defendant City is liable for its employees' actions committed while in the scope of employment as duly appointed police officers under the doctrine of *respondeat superior*.

80. The acts of Defendant Officers described in the state law claims specified above was willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

81. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment in an amount in excess of $75,000.01 against the Defendant Officer for compensatory damages, medical expenses, and such other and additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

DEMETRIS HILL

By:

s/Mary J. Grieb

Mary J. Grieb
One of Plaintiff's Attorneys
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590

CERTIFICATE OF SERVICE

I, Mary J. Grieb, hereby certify that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

s/ Mary J. Grieb

Mary J. Grieb
One of Plaintiff's Attorneys
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590